**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MICHAEL JOHNSON,<br><br>   Plaintiff,<br><br>   v.<br><br>LEON E. PANETTA,<br><br>   Defendant. | Civil Action No. 12-cv-868 (BJR)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT; GRANTING PLAINTIFF'S MOTION FOR AN ENLARGMENT OF TIME; STRIKING DEFENDANT'S MOTION TO DISMISS THE COMPLAINT, AND STRIKING DEFENDANT'S MOTION FOR A PROTECTIVE ORDER |

## I.   INTRODUCTION

Plaintiff Michael Johnson, a former employee of the Department of Defense, seeks injunctive and declaratory relief against Defendant Leon E. Panetta in his official capacity as the Secretary of Defense, related to the Department's allegations that Plaintiff was overpaid by the Department for approximately six years. Presently pending before the Court are four motions: (1) Defendant's Motion to Dismiss for Lack of Jurisdiction and for Failure to State a Claim upon which Relief May Be Granted (Dkt. No. 12); (2) Plaintiff's Motion for Leave to Amend the Complaint (Dkt. No. 13); (3) Plaintiff's Motion for Enlargement of Time within which discovery in this case must be completed (Dkt. No. 19); and (4) Defendant's Motion for a Protective Order barring Plaintiff from seeking discovery until this Court has resolved Defendant's Motion to Dismiss (Dkt. No. 26).

Upon consideration of the motions, the memoranda in support thereof, the entire record, and the applicable law, the Court will GRANT Plaintiff's Motion for Leave to Amend the Complaint, GRANT Plaintiff's Motion for Enlargement of Time, STRIKE Defendant's Motion

to Dismiss, and Strike Defendant's Motion for a Protective Order. The Court's reasoning is set forth below.

## II.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Michael Johnson is a retired civilian federal employee of the Department of Defense (the "Department"). Dkt. No. 1 "Comp." at ¶ 4. Johnson began his career with the Department in 1998 when he was hired as a police officer. *Id*. at ¶ 6. In 2005, he was transferred to the Communications Office within the Department, where he continued to work as a police officer. *Id*. at ¶ 8. He claims that in October 2011, the Department informed him that he had been mistakenly overpaid since his transfer to the Communications Office. *Id*. at ¶ 9. Johnson claims that the Department told him that he was overpaid by "varying...amounts—some as high as $107,857.46." *Id*.

Johnson alleges that he was unaware that he had been overpaid. *Id*. at ¶ 10. He further alleges that the Department told him that he can seek a "waiver" of the overpayment from the Department's accounting office, but he must do so by June 1, 2012, and if he does submit a waiver request, "he must accept responsibility for the debt." *Id*. at ¶ 11. He claims that the Department told him that if the accounting office denied his waiver request, he would be required to repay the entire debt to the Department. *Id*. To date, Johnson has not submitted a waiver request.

Johnson filed the present action on May 31, 2012. The Complaint sets forth the above factual allegations, but fails to state a specific cause of action. It does request, however, that this Court: (1) "Issue a Rule Nisi" and "conduct an evidentiary hearing on the issues" outlined in his complaint; (2) Stay the Department imposed June 1, 2012 deadline for Plaintiff to seek waiver of the alleged overpayment until this Court can determine "if the debit [*sic*] is valid against

Plaintiff," (3) "Enter Declaratory Judgment against [the Department] in favor of Plaintiff finding Plaintiff does not owe the debt to the United States Government", and (4) Award him attorney fees and costs. *Id*. at ¶ 12. The Complaint also states that this Court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 1331 and 1343. *Id*. at ¶ 2.

Defendant answered the Complaint on October 15, 2012. Dkt. No. 5. In the Answer, Defendant raised multiple affirmative defenses, including lack of subject matter jurisdiction, failure to state a claim, and sovereign immunity. *Id*. at 1-2. Thereafter, on November 30, 2012, the parties attended a scheduling conference with Judge Richard W. Roberts, the judge then assigned to this case. Defendant claims that at the conference, Defendant "identified defects in jurisdiction and on the merits of the Complaint in response to questions from the Court" and Plaintiff indicated that he intended to amend the Complaint. Dkt. No. 14, "Def.'s Opp." at 1. Judge Roberts issued an order establishing the procedural deadlines in this matter, including a deadline of January 29, 2013 by which to amend the Complaint. Dkt. No. 8.

On January 25, 2013, Defendant filed the instant Motion to Dismiss; Plaintiff filed the instant Motion for Leave to Amend the Complaint on January 29, 2013. On March 8, 2013, Plaintiff requested that Judge Roberts extend the deadline by which the parties were to complete discovery. Dkt. No. 19. The matter was reassigned to this federal district court judge on May 30, 2013. Dkt. No. 24. Thereafter, on June 4, 2013, Defendant requested that this Court enter a protective order prohibiting Plaintiff from seeking discovery until the Court has resolved the outstanding Motion to Dismiss. Dkt. No. 25. The motions are now ripe for review.

### III.   DISCUSSION

Defendant moves to dismiss the original Complaint, asserting that this Court lacks subject matter jurisdiction and that Plaintiff fails to state a claim on which relief may be granted.

3

Plaintiff seeks to amend the Complaint in order to clarify the basis for this Court's jurisdiction, and to clarify the cause of action under which he seeks relief.

Generally, a court must ascertain whether it has jurisdiction before it is empowered to take any action in a matter. *See Saxon Fibers, LLC v. Wood*, 118 Fed. Appx. 750, 752 (4th Cir. 2005) (noting that if a court does not have subject matter jurisdiction, it is not empowered to entertain a motion to amend a complaint). However, where, such as here, a plaintiff seeks to amend the complaint in order to correct defective allegations of jurisdiction, the plaintiff is entitled to do so pursuant to 28 U.S.C. § 1653. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 831 (1989) (stating that the law operates in such a way that if jurisdiction "in fact exists at the time the suit was brought..., though defectively alleged," the defective allegations may be amended any time prior to resolution of the suit, even in the appellate courts); *see also, District of Columbia ex rel. American Combustion, Inc. v. Transamerica Ins. Co.*, 797 F.2d 1041, 1044 (D.C. Cir. 1986) ("Section 1653's liberal amendment rule permits a party who had not proved, or even alleged, that diversity exists, to amend his pleadings even as late as on appeal.") Thus, Plaintiff is authorized to amend the Complaint to correct defective jurisdiction allegations, if jurisdiction actually existed at the time he filed the complaint. This Court is authorized to review the motion to amend in order to ascertain whether jurisdiction exists. *Sun Printing and Publishing Ass'n v. Edwards*, 194 U.S. 377, 382 (1904) ("[t]he whole record … may be looked to, for the purpose of curing a defective averment of … diversity of citizenship, and if the requisite citizenship, is anywhere expressly averred in the record, or facts are therein stated which in legal intendment constitute such an allegation, that is sufficient.").

Furthermore, from the standpoint of judicial efficiency, the Court concludes that the most pragmatic approach to resolving the instant motions, is to first address Plaintiff's Motion for

Leave Amend the Complaint. *See, e.g., Adams v. FedEx Ground Package Systems, Inc.*, 2013 WL 61448, *1 (D. Colo. January 4, 2013) (noting that defendants' arguments asserted in their pending motion to dismiss also applied to plaintiff's motion to amend, and therefore, addressed motion to amend first); *In re K–Dur Antitrust Litigation*, 338 F. Supp. 2d 517, 528 (D.N.J. 2004) (noting efficiencies of disposing of a motion to amend along with a motion to dismiss); *Leach v. Northern Telecom, Inc.*, 790 F. Supp. 572, 573–74 (E.D.N.C. 1992) (reasoning that a pragmatic approach to plaintiff's motion to amend assured the best use of judicial time and resources). Therefore, this Court will initially address Plaintiff's Motion for Leave to Amend the Complaint.

### A.     Standard of Review

Under Federal Rule of Civil Procedure 15(a), a plaintiff may amend his pleading once as a matter of course at any time before a responsive pleading is served. Fed.R.Civ.P. 15(a); *James v. Hurson Assocs., Inc. v. Glickman*, 229 F.3d 277, 282–83 (D.C. Cir. 2000). Once a responsive pleading is served, however, a plaintiff may amend the complaint only by leave of the court or by written consent of the adverse party. Fed.R.Civ.P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). The grant or denial of leave lies in the sound discretion of the district court. *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam). The court must, however, heed Rule 15's mandate that leave is to be "freely given when justice so requires." *Id*. Indeed, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182.

The non-movant generally carries the burden in persuading the court to deny leave to amend. *Williams v. Savage*, 569 F. Supp. 2d 99 (D.D.C. 2009) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 n. 2 (5th Cir. 1981)); *see also Gudavich v. District of Columbia*, 22

Fed. Appx. 17, 18 (D.C. Cir. 2001) (noting that the non-movant "failed to show prejudice from the district court's action in allowing the [movant's] motion to amend") (unpublished decision).

Here, Defendant urges this Court to deny Plaintiff's Motion for Leave to Amend the Complaint on three grounds: (1) that the proposed amended complaint does not cure the lack of subject matter jurisdiction; (2) the proposed amendment is futile because it fails to state a claim on which relief may be granted; and (3) the motion is untimely. The Court will address each argument in turn.

### 1.  This Court Has Diversity Jurisdiction over Plaintiff's Claim

Plaintiff asserts that this Court has subject matter jurisdiction over his claim pursuant to 28 U.S.C. § 1332, known as "diversity jurisdiction."[1] Section 1332 confers subject matter jurisdiction upon district courts over civil actions between "citizens of different States" and for which the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). Plaintiff alleges that he is a citizen of Maryland and Defendant is a citizen of the District of Columbia. Dkt. No. 13-2 at ¶¶ 4-5. Defendant does not challenge this assertion; accordingly, Plaintiff has adequately alleged diverse citizenship.

The second element of diversity jurisdiction—the amount in controversy—is also satisfied. Defendant argues that the proposed amended complaint "fails to plead any amount in controversy," but instead, only references "Plaintiff's receipt of 'varying notices alleging conflicting debt amounts—some as high as $107,857.46.'" Def.'s Opp. at 3. The Court disagrees. The proposed amended complaint, read as a whole, clearly alleges that the amount in controversy is potentially $107,857.46. *Id.* at ¶ 10. It is well settled that in determining the amount-in-

---

[1] Plaintiff also invokes jurisdiction under 28 U.S.C. §§ 1331 and 1343 in the proposed amended complaint. However, Plaintiff appears to concede that the Court does not have jurisdiction under Section 1343 and does not address Defendant's arguments regarding the same. Accordingly, the Court will deem this argument waived. In addition, because the Court concludes that it has subject matter jurisdiction over Plaintiff's claim pursuant to Section 1332 (as discussed *infra*), it is not necessary to address whether jurisdiction exists under Section 1331.

controversy, reference to either party's situation is appropriate. *Senate Select Committee on Presidential Campaign Activities v. Nixon*, 366 F. Supp. 51, 60 (D.D.C. 1973). Here, Plaintiff alleges that the Department seeks to recover approximately $100,000 from him. This is sufficient to satisfy the amount-in-controversy requirement.

Moreover, disputes concerning the amount in controversy are decided according to the "good faith/legal certainty" test set forth in *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938). *See Rosenboro v. Kim*, 994 F.2d 13, 16-17 (D.C. Cir. 1993). This test is stated as follows:

> The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.

*St. Paul Mercury*, 303 U.S. at 288-289. Defendant does not contest Plaintiff's good faith belief that the amount in controversy satisfies the diversity statute. Likewise, the Court finds no reason to question this conclusion. Dismissal, then, is appropriate only if it appears to a legal certainty that the proposed amended complaint does not satisfy the jurisdictional amount required by Section 1332. *Id*. Defendant has failed to make this showing. Accordingly, the Court finds that it has subject matter jurisdiction over Plaintiff's claim pursuant to Section 1332.

### 2. Defendant Has Failed to Show that the Proposed Amended Complaint Fails to State a Claim on which Relief May Be Granted

Next, the Court must determine whether the proposed amended complaint states a claim on which relief may be granted. This Court may deny a motion to amend "if the proposed claim would not survive a motion to dismiss." *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996) (citing *Foman*, 371 U.S. at 181-82). Defendant's opposition to Plaintiff's motion to amend is sparse, at best, and simply asserts that the proposed amended complaint fails

to state a claim on which relief can be granted because: (1) "Plaintiff has no statutory right or common law right to demand that this Court conduct an accounting of what he owes to the Department," and (2) Plaintiff's claim is barred by the doctrine of sovereign immunity.

Plaintiff counters that he is entitled to the relief that he seeks pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. Pl.'s Reply at 2-3 ("Plaintiff seeks a declaration from the Court that he does not owe the Defendant $107,857.46, or any other amount which they [sic] desire."). He also asserts that sovereign immunity is not a defense against actions seeking injunctions and/or declaratory relief. *Id*. at 3.

Count I of the proposed amended complaint clearly states that Plaintiff seeks relief pursuant to the Declaratory Judgement Act. Dkt. No. 13, Ex. 2 at ¶ 17. Defendant fails to address, in any manner whatsoever, why this Act is not applicable to Plaintiff's claim. Nor does Defendant address why Plaintiff's claim is allegedly barred by the doctrine of sovereign immunity, other than to simply say that it is. "[I]t is not the obligation of this Court to research and construct the legal arguments available to the parties." *Krupa v. Naleway*, 2010 WL 145784, *8 (N.D. Ill. January 12, 2010) (quoting *Thakore v. Universal Mach. Co. of Pottstown, Inc*., 2009 WL 3241619, *7 (N.D. Ill. September 25, 2009). To the contrary, perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are deemed waived. *Id*.; *see also*, *Raines v. U.S. Department of Justice*, 424 F. Supp. 2d 60, 66 n. 3 (D.D.C. 2006) (noting that it is not the obligation of the court to research and construct legal arguments open to parties, especially when they are represented by counsel); *Rivera-Gomez v. de Castro*, 843 F.2d 631, 635 (1st Cir. 1988) (stating that it is the party's task to spell out his arguments squarely and distinctly). As such, the Court finds that Defendant has failed to carry his burden to establish that the proposed amended complaint fails to state a claim on which relief may be granted.

### 3. Plaintiff Timely Filed the Motion to Amended the Complaint

Defendant also argues that this Court should deny the Motion for Leave to Amend the Complaint because Plaintiff failed to bring the motion in a timely manner. Def.'s Opp. at 4. This argument is without merit. Judge Roberts instructed Plaintiff to file a motion to amend the Complaint by January 29, 2013. Dkt. No. 8. Plaintiff did so. As such, the motion is timely.

## IV. CONCLUSION

For the foregoing reasons: (1) the Court GRANTS Plaintiff's Motion for Leave to Amend the Complaint (Dkt. No. 13); (2) in doing so, the Defendant's Motion to Dismiss the original Complaint becomes moot. Therefore, the Court STRIKES as MOOT Defendant's Motion to Dismiss (Dkt. No. 12); (3) the Court also STRIKES as MOOT Defendant's Motion for a Protective Order barring Plaintiff from pursuing discovery in this case until this Court resolves the motion to dismiss (Dkt. No. 25); (4) the Court GRANTS Plaintiff's Motion for an Enlargement of Time within which to complete discovery (Dkt. No. 19); and lastly (5) the parties are instructed to submit to the Court on or before July 31, 2013 a jointly proposed scheduling order setting new deadlines for the completion of discovery and dispositive motions.

Dated this 17th day of July, 2013.

*Barbara J. Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge